## MUNSEY et al. v. VIRGINIAN RY. CO.

### C. A. 117.

District Court, E. D. Virginia, Norfolk
Division.

Aug. 7, 1941.

Mulholland, Robie & McEwen, of Toledo, Ohio, and Moses C. Ehrenworth, of Norfolk, Va., for plaintiffs.

W. C. Plunkett, and W. C. Coupland, both of Norfolk, Va., for defendant.

WYCHE, District Judge.

This action was brought pursuant to Section 3, First (p), of a statute of the United States known as the Railway Labor Act, 45 U.S.C.A. § 153, First (p). The purpose of the action is to enforce an award and order of a tribunal established by that Act and known as the National Railroad Adjustment Board.

The complaint alleges in substance that the plaintiff System Federation No. 40 of the Railway Employees' Department of the American Federation of Labor is the duly and legally selected representative of the machinists, boilermakers, blacksmiths, electrical workers, sheet metal workers, carmen and their various helpers and apprentices employed by the defendant Railway Company, that the action is brought by the plaintiff System Federation as the representative of said employees, and that the defendant is a carrier subject to the said Railway Labor Act; that during the year 1925, defendant hired certain employees known as turbine and switchboard operators to perform certain services at a

882

then newly erected power house of the defendant located at Narrows, Virginia, and that the operations carried on at this power house are a part of the operations of the defendant's Mechanical Department conducted under the supervision of Mechanical Department supervisors.

It is also alleged that on or about November 15, 1922, the defendant and its Mechanical Department employees then represented by an organization known as the Mechanical Department Association of The Virginian Railway Company, entered into a collective bargaining agreement prescribing rules and working conditions for the Mechanical Department employees of the defendant, and that the said agreement is still in full force and effect; that the work performed by the turbine and switchboard operators at the Narrows, Virginia power house is within the scope of the aforesaid agreement, and that it falls within the functions of the Mechanical Department of the defendant.

It is further stated in the complaint that the turbine and switchboard operators aforesaid have not been compensated for over-time work in accordance with the rules set up in the said collective bargaining agreement; that a dispute arose between the plaintiff System Federation and the defendant growing out of these facts; that this dispute was handled up to the chief operating officer of the carrier with whom the employees were authorized to confer; that no adjustment could be reached; that plaintiff System Federation acting in all respects as the representative of the turbine and switchboard operators duly submitted the dispute to the National Railroad Adjustment Board for adjustment; that the said Board accepted jurisdiction of the said dispute and subsequently entered an award and order sustaining the position of the plaintiff System Federation; that the defendant protested said award and order and requested reconsideration which the Board denied, and that the defendant has refused to comply with the award and order in question. The complaint concludes with a prayer to the court asking that the defendant be ordered to comply with the award either through injunction, mandamus, or other appropriate decree, that an accounting be made of all sums due from the defendant to the turbine and switchboard operators in the premises, for attorney fees, and general legal and equitable relief.

The matter is before me upon a motion by defendant to dismiss the complaint on the following grounds: (1) The plaintiffs were not the petitioners or the person for whose benefit the said award was entered; (2) the award is insufficient and too indefinite to require compliance therewith, and (3) no judgment may be entered for the plaintiffs or any of them in this action.

As to the first ground of the motion, the complaint alleges that the plaintiff System Federation submitted this dispute to the Adjustment Board, that it was accordingly the "petitioner" before that Board, and that as such it now brings this action by virtue of Section 3, First (p), of the Railway Labor Act, a portion of which reads as follows: "If a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, *the petitioner,* or any person for whose benefit such order was made, may file in the District Court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the carrier operates, a petition setting forth briefly the causes for which he claims relief, and the order of the division of the Adjustment Board in the premises." (Emphasis supplied) It is the contention of the defendant that the Act does not authorize a labor organization to function as a petitioner before the Board, but on the other hand, "the only parties who are entitled under the Railway Labor Act to present a petition to the National Railroad Adjustment Board are employees of a carrier." Hence the defendant concludes that the plaintiff System Federation had no proper status before the Board as a "petitioner" in the first instance, and therefore cannot bring this action as such petitioner.

The Railway Labor Act provides that all disputes between a carrier and its employees shall be considered, and if possible, decided in conference between *representatives* designated and authorized so to confer by the carrier and the employees involved in the dispute. 45 U.S.C.A. § 152, Second. Employees are granted the right to organize and bargain collectively through *representatives* of their own choosing. 45 U.S.C.A. § 152, Fourth. In case of a dispute between a carrier and its employees arising out of grievances or out of the interpretation or application of agreements, it is provided that it shall be the duty of the designated *representatives* of

the carrier and of the employees, respectively, to confer regarding the same. 45 U.S.C.A. § 152, Sixth. Upon certification of an employee representative by the National Mediation Board, the carrier is required to treat with the representative so certified, for all of the purposes of the Act. 45 U.S.C.A. § 152, Ninth. It is further provided that disputes growing out of grievances or out of the interpretation or application of agreements shall be handled in the usual manner up to and including the chief operating officer of the carrier involved. 45 U.S.C.A. § 153, First (i).

Furthermore, Section 3, First (p), above quoted, provides that the right to obtain a judicial review of the orders of the Board is confined to those cases where the carrier does not comply with such orders. It follows that the statutory remedy is only available in those cases where the carrier is the unsuccessful party before the Board. Had Congress intended that employees were the only parties authorized to petition the Board the phrase, "or any person for whose benefit such order was made" would have been sufficient to describe the only parties entitled to maintain actions in the courts. The phrase, "the petitioner *or* any person for whose benefit such order was made" indicates an intention that some one other than the employees was authorized to petition the Board. To conclude otherwise would render the phrase, "the petitioner" ineffective.

■ These provisions of the Act clearly contemplate that collective bargaining on the railroads should be handled by representatives of carriers and employees. It is a matter of common knowledge that the employee representatives are almost invariably labor organizations. It is not reasonable to assume that Congress made these careful provisions for the handling of all of these matters through employees' representatives only to the point where the services of the National Railroad Adjustment Board are invoked and then restricted further proceedings to action taken by individual employees. Such a conclusion would run counter to the entire theory and purpose of the Act.

■ Considering this statute in its entirety, the purposes sought to be accomplished, and the generally recognized procedure of collective bargaining, it seems clear that plaintiff System Federation as the duly designated representative of the employees involved in this case is a party authorized to refer a dispute to the National Railroad Adjustment Board; that it properly functioned as a "petitioner" before that Board, and as such petitioner is fully authorized to bring this action.

The second ground of the motion to dismiss is predicated upon the claim that the award of the Adjustment Board is too indefinite to require compliance therewith in that, while the Board found that the turbine and switchboard operators perform work included within that of the Mechanical Department of the defendant, it did not find specifically that they fell within the craft of electrical workers or any other one of the crafts into which that department is divided. The defendant argues from this premise that the award is so indefinite on its face as to be incapable of enforcement as a matter of law.

■ In passing upon a motion to dismiss, a court must accept all well pleaded allegations of the complaint as true. In the complaint it is alleged that the employees in question perform work "commonly and properly recognized as coming within the scope of work performed by electrical workers", this being one of the crafts included in the Mechanical Department agreement and more specifically that of a subdivision of that craft known as "high tension power house operators". These allegations state accurately the substance of the award of the National Railroad Adjustment Board.

■ In that part of its published decision entitled "Award", the Board held: "Claim of employees sustained to the effect that turbine and switchboard operators in the Narrows, Virginia, plant come under the scope of the agreement between the parties, and effective from this date, payment for time worked will be allowed accordingly." This conclusion must be considered in relation to the contentions of the parties made before the Board and revealed in other portions of the decision. No claim was made to the effect that the turbine and switchboard operators were boilermakers or machinists or that they belong to any of the craft divisions established by this agreement save only that of electrical workers and more specifically the "high tension power house operators", a subdivision of this craft. This was the claim which the Board specifically stated that it sustained. It seems clear, therefore, that the award of the Board was certainly intended to be to the effect that the

employees in question belong to the craft of electrical workers. As such, the award is understandable and no reason appears why it is not susceptible of enforcement.

It must be borne in mind that the National Railroad Adjustment Board is a lay board composed of expert railroad men experienced in the interpretation of collective agreements between carriers and employees, one-half of the members being selected by the carriers and one-half by the employees' organizations. Provision is made in the statute for the selection of a neutral referee to make awards in cases such as the present one, when the regular bi-partisan membership deadlocks in a tie vote. It is significant that no referee was appointed in this case but that the issue was decided by a majority of the regular membership, carrier and employee representatives alike. When such a board under such circumstances has held that the employees in question fall within the generally recognized scope of the craft of electrical workers, are members of the Mechanical Department of the defendant and are subject to the terms of its Mechanical Department agreement, this court cannot say, at least in the absence of evidence, that this decision was erroneous on its face as a matter of law. Hence the second ground of the motion must be overruled.

■ The third ground of the motion to dismiss is based on the claim that there is no judgment which the court can render in favor of the plaintiffs inasmuch as none of them is a turbine or switchboard operator, and as the prayer of the complaint is that certain sums of money be paid to these operators, they and they alone are proper parties to bring suit. In short, it is the contention of the defendant that no one is in a position to bring an action for enforcement of an award of the Adjustment Board save the individual employees benefited, at least in cases where the carrier's non-compliance has resulted in claims of monetary loss. It is apparent that most if not all of the awards of this Board which are favorable to an employee or employees will result in such claims if the carrier does not comply. In essence, therefore, the defendant's contention if sustained would deny the right to bring an action to enforce an award of the Board to anyone except the individual employees affected thereby.

The statute, however, specifically empowers the "petitioner" before the Board to bring such an action as above noted, and as has already been held, such a petitioner may be the labor organization which is the collective bargaining representative of the employee or employees involved. Such an organization can never have any personal financial interest in an award. It appears, therefore, to be the express intention of the Railway Labor Act that actions seeking the enforcement of awards of this Board may be filed by persons other than the employee or employees benefited thereby. There is nothing in this procedure which is inherently impossible or which is a departure from the ordinary functioning of judicial process. When a trial of this case is held on the merits, evidence can be presented regarding the number of employees involved, their names, amount of overtime work which has been performed by them since the award was entered, the wages which they have received, the wages which they should have received, and the sum due each, if the court finds such sums to be due. If the final judgment of the court is to the effect that the award of the Board should be sustained, a proper decree may be entered ordering the defendant to pay the sums so found to be due to the employees found to be entitled to receive the same. It is to be noted in this connection that the court is expressly authorized by the Railway Labor Act in cases of this kind "to make such order and enter such judgment, by writ of mandamus or otherwise, as may be appropriate to enforce or set aside the order of the division of the Adjustment Board." 45 U.S.C.A. § 153, First (p). It is apparent that the statute contemplates the fullest possible exercise of judicial authority in aid of the awards of this Board and as there is available a judicial procedure whereby the various employees may receive sums due them, the court cannot find that the award is impossible of enforcement at the suit of the present plaintiffs.

The defendant's motion to dismiss will therefore be overruled as to all three grounds.