**PEGG v. CONEMAUGH & B. L. R. CO.**

**Civil Action No. 4555.**

District Court, W. D. Pennsylvania.

March 4, 1947.

[redacted]

[redacted]

[redacted]

Maurice B. Wechsler, of Pittsburgh, Pa., for plaintiff.

C. A. McLain and Cravath, Swaine & Moore, all of New York City, and John C. Bane, Jr., and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action wherein the plaintiff prays that judgment be entered against the Conemaugh & Black Lick Railroad Company, directing it to comply with the order and award of the First Division of the National Railroad Adjustment Board by reinstating plaintiff with full seniority rights as required by said order and award, and to pay plaintiff for time lost beginning September 29, 1937, and for such other relief as may be just and equitable.

The action is before us now on defendant's motion to dismiss the amended complaint of the plaintiff. The only reason argued was, that plaintiff fails to state a claim upon which relief can be granted.

It is averred in the amended complaint, that plaintiff has been an employee of the defendant Railroad Company from September 20, 1920, up to and including the present time; that in the year 1937, his employment was that of a conductor. On June 10, 1937, a strike was called on said defendant Railroad Company, which strike terminated September 13, 1937; that on September 29, 1937, plaintiff reported for work, but defendant refused and still refuses to reinstate plaintiff with full seniority rights; that he is ready and willing to perform the duties which he performed prior to June 10, 1937. On July 19, 1943, in a proceeding brought in plaintiff's behalf, the First Division of the National Railroad Adjustment Board made an award that plaintiff should be reinstated with full seniority rights; that he should be payed for time lost beginning September 29, 1937, and on the same day, the First Division of the National Railroad Adjustment Board made an order directed to defendant that it make effective the aforesaid award and pay to the plaintiff the sum to which he is entitled under the award, on or before August 19, 1943. Defendant refuses to reinstate plaintiff and further refuses to pay him for time lost beginning September 29, 1937.

The Railroad Labor Act, 45 U.S.C.A. § 153, provides for the creation of a National Railroad Adjustment Board and for a First Division thereof, this Division to have jurisdiction over disputes involving train and yard service and employees of carriers which includes conductors. The Act further provides for the making of awards and the awards shall be final and binding upon both parties, except money awards; that in case an award is in favor of petitioner, that an order shall be made directed to the carrier to make the award effective and in the event of a requirement to pay money, the sum to which the employee is entitled on a day named. The Act further provides if a carrier does not comply with an order of a Division of the Adjustment Board within the time limit in such order, the petitioner or any person for whose benefit such order was made, may file in the District Court of the United States for the District in which he resides, etc., a petition setting forth briefly the causes for which he claims relief and the order of the Division of the Adjustment Board, that such suit in the District Court shall proceed in all respects as other civil suits, except that on the trial, the findings and order shall be prima facie evidence of the facts therein stated. The Act further provides that the District Courts are empowered under the rules of the court governing actions at law, to make such order as may be appropriate to enforce

or set aside the order of the division of the Adjustment Board. The Act further provides that all actions at law, based upon the provisions of this section, shall be begun within two years from the time the cause of action accrues under the award.

The complaint in this case avers that plaintiff is now and has been an employee of the defendant since 1920. That after the strike in the year 1937, he reported for work as conductor, the position which he held before the strike, that defendant refused to reinstate him, and that defendant has refused to comply with the award and order of the First Division of the National Railroad Adjustment Board to reinstate the plaintiff and to make the payment provided for therein. These facts in conjunction with the other facts averred in the complaint, show a prima facie right in the plaintiff to recover in this case. See Washington Terminal Co. v. Boswell et al., 75 U.S.App.D.C. 1, 124 F.2d 235; Virginian Ry. Co. v. System Federation, etc., 4 Cir., 131 F.2d 840; Munsey et al. v. Virginian R. Co., D.C., E.D.Va., 39 F.Supp. 881.

This action came before the Court on defendant's motion to dismiss the amended complaint, and after hearing and consideration thereof, the motion is refused.