## RAILROAD YARDMASTERS OF NORTH AMERICA, Inc., v. INDIANA HARBOR BELT R. CO. et al.

### No. 751.

District Court, N. D. Indiana, Hammond Division.

April 14, 1947.

McKnight, McLaughlin & Dunn, and Edward J. McLaughlin, all of Chicago, Ill., and Galvin, Galvin & Leeney, and Frank J. Galvin, all of Hammond, Ind., for plaintiff.

Crumpacker & Friedrich, and Owen Crumpacker, all of Hammond, Ind., for Indiana Harbor Belt Co.

Adams, Nelson & Williamson, and Burke Williamson, all of Chicago, Ill., and Kal Waller, of Hammond, Ind., for defendant C. P. Barker.

SWYGERT, District Judge.

This is an action brought under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., for enforcement of an order of the National Railroad Adjustment Board. Defendant E. E. Mathews died since the start of the suit. The two remaining defendants filed motions to dismiss the complaint.

The motions to dismiss are granted for the reasons: (1) the Adjustment Board order fixes no time limit for compliance, (2) the award and order are too vague and indefinite for enforcement, and (3) the defendant C. P. Barker had no notice of the hearing before the Adjustment Board.

I. The plaintiff says that only if the award involves a payment of money, does the Railway Labor Act require a time to be fixed in its order for compliance. It is true the language of subsection *o* of section 3 of the Act is susceptible of this limited construction. On the other hand, it is so worded that the phrase "on or before a day named" can be construed to qualify all of the sentence preceding that phrase rather than only the words: "and, if the award includes a requirement for the pay-

ment of money," etc. To resolve the doubt, the statute as a whole must be considered.

■ Subsection q provides, "all actions at law based upon the provisions of this section shall be begun within two years from the time the cause of action accrues under the award * * *. Under subsection p it is only in the event the carrier does not comply that an application may be made to the district court for an enforcement of the award. The application may not be made immediately following the issuance of an award, monetary or otherwise. It must be conditioned upon noncompliance. It follows that the statute of limitations embodied in the act is tolled from the date of the award to the time when compliance is required. Certainly, the statute of limitations cannot begin to run until such time as the complaining party has a right to begin his suit. Therefore, a time for compliance must be fixed in order to date the beginning of the running of the statute of limitations.

Subsection p of section 3 provides that a petitioner may file an application for enforcement "If a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order." There is nothing in this subsection to indicate that the clause, "within the time limit in such order" applies solely to monetary awards. Rather, a reading of it indicates that it applies to any and all awards and that it inferentially, at least, requires a time limit to be fixed for compliance of the Board's order. However, any doubt about its meaning is removed when what has just been said as to the limitations section is taken into consideration.

Moreover, if plaintiff's view is correct, it might well be argued that subsection p applies solely to monetary awards and that a resort to the district court for enforcement of the order may not be made when other than a monetary award is made. Obviously this construction would be an unreasonable one and would pervert the purpose of subsection p.

■ II. The order incorporates by reference the award and contains no added specifications. The award itself reads merely, "Complaint disposed of per findings."

The findings recite, "We find, as represented by petitioner, that the facts presented in this docket are contrary to the provisions of controlling Rule 7(a) of the Yardmasters' Agreement, and so hold." This so-called finding is not a finding of facts; it is a conclusion of law. It is a conclusion based on facts that are not in the findings but apparently are in the "docket," whatever that may be. True, a statement of claim precedes the findings but whether this statement is identical with the facts "presented" in the docket is not revealed.

■ Furthermore, the statement of claim itself is indefinite. It does not contain the names of the two yardmen over whom the dispute arose. Extraneous evidence would have to be adduced to give the award meaning.

■ On this point, I think the following statement in System Federation No. 59 of Railway Employees Department of American Federation of Labor v. Louisiana & A. Ry. Co., 5 Cir., 119 F.2d 509, 513, applies: "The act contemplates not merely general conclusions, but precise and definite findings of fact and final and definite awards, capable of enforcement, not vague general outlines which must be filled in by the courts." The provision in the Act that the findings and order shall be prima facie evidence of the facts stated therein requires the findings to be a definite and complete statement of the ultimate facts and not a legal conclusion based upon undisclosed findings.

■ The provision of subsection m of section 3 requiring the Board to interpret its award where a dispute arises over interpretation has to do with the ascertainment of the intent of the Board as expressed in its award. It does not require the parties to ask the Board to supply omitted findings.

■ III. The defendant Barker was not a party to the proceeding before the Board. From aught that appears, he was given no notice of its hearing. Subsection j of section 3 requires the Board to give "due notice of all hearings to the employee or employees * * * involved in any disputes submitted * * *" to the Board. Barker was one of the employees involved

in the dispute. His seniority rights are vitally affected.

Plaintiff says, "he is now given his day in court (by making him a party to this court action) and he can assert whatever rights he may have and they can be determined by the court." The answer to this contention is twofold. First, it ignores a plain requirement of the statute. Second, this is not a hearing de novo in the full meaning of that term because the findings and order are prima facie evidence of the facts stated therein. Here, this prima facie evidence was found by the Board in a hearing of which Barker had no notice. To mention the possible prejudice and disadvantage resulting to him by his failure to get notice is but to state the obvious.

The plaintiff cites Estes et al. v. Union Terminal Co., 5 Cir., 89 F.2d 768, 770, in support of its contention as to notice. A reading of the opinion in that case indicates that Lane, the "involved" employee, had actual notice of the hearing before the Adjustment Board although he received no formal notice from it. It would also appear that the Circuit Court of Appeals would have taken an entirely different view had it not been for Lane's actual knowledge of the hearing. In the court's opinion this statement appears: "Apparently, the Board held that Lane was not involved in the dispute and therefore was not entitled to notice under the provisions of section 3. In this we think the Board was wrong." It is my view that the Estes case is not authority for plaintiff's contention.