**BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, et al. v. PENNSYLVANIA R. CO.**

Civ. A. No. 9316.

United States District Court
W. D. Pennsylvania.

Oct. 2, 1952.

Chas. L. Cunningham (of Stonecipher & Cunningham), Pittsburgh, Pa., Richard R. Lyman, and Clarence M. Mulholland (of Mulholland, Robie & Hickey), Toledo, Ohio, Edward J. Hickey, Jr., Washington, D. C., for plaintiffs.

Samuel W. Pringle (of Dalzell, Pringle, Bredin & Martin), Pittsburgh, Pa., Ralph H. Skinner, Jr., and Guy W. Knight, Philadelphia, Pa., for defendants.

MARSH, District Judge.

This is an action brought on January 22, 1951, under the Railway Labor Act, 45 U.S. C.A. § 151 et seq., to enforce an order of the National Railroad Adjustment Board, Third Division. The plaintiffs are the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, a voluntary unincorporated association, which sues as the representative of the employees on behalf of whom this action is brought; and S. V. W. Loehr who sues individually and as General Chairman of the Pennsylvania Railroad System Board of Adjustment of the Brotherhood. Defendant, Pennsylvania Railroad Company, is a Pennsylvania corporation engaged in the business of an interstate common carrier.[1]

Briefly, the complaint alleges that defendant, on or about May 11, 1946, and July 13, 1946, abolished the positions of a large number of "Truckers" employed at Philadelphia Transfer in violation of a collective bargaining agreement; that an independent contractor was hired to perform the duties and work formerly done by said employees; that the 70 persons named in Paragraph X of the complaint— 39 whose jobs were abolished on or about May 11, 1946, and 31 whose jobs were abolished on or about July 13, 1946—had their claims presented to defendant by the Brotherhood; that defendant denied said claims; and that plaintiff Brotherhood, acting in all respects as the duly designated and lawfully authorized representative of said employees, submitted the dispute to the National Railroad Adjustment Board which, by Award 4291, dated January 25, 1949, held the collective bargaining agreement had been violated and ordered that the positions be re-established.[2]

Defendant filed a motion to dismiss this action. Several reasons advanced by defendant in its written motion were not pressed since they had been decided adversely to defendant in Kirby v. Pennsylvania Railroad Company, 3 Cir., 1951, 188 F.2d 793, reversing D.C.E.D.Pa.1950, 92 F.Supp. 417. The Kirby case is a companion case involving Award 4291. The questions which we are called upon to decide are:

1. Is the award and order of the Board void and unenforceable because persons who would be ousted from the positions in

---

1. No objection has been made against the right of the Brotherhood and the other plaintiff to bring this suit and enforce the award. Cf. Munsey v. Virginia Ry. Co., D C.E.D.Va.1941, 39 F.Supp. 881.

2. The order required the defendant to comply with the award on or before April 1, 1949.

question received no notice and had no knowledge of the hearing held before the Board?

2. Does the award which on its face refers to positions abolished effective May 13, 1946, also cover employees whose jobs were abolished on July 13, 1946?

The first question must be decided in the light of 45 U.S.C.A. § 153, First (j), which provides "Parties may be heard either in person, by counsel, or by other representatives, as they may respectively elect, and the several divisions of the Adjustment Board *shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any disputes submitted to them* [emphasis added]." The issue, therefore, is whether the employees who would be ousted if defendant were to comply with the award and order of the Board are involved in the dispute so as to be entitled to notice. Defendant's contention is that the positions formerly held by the persons enumerated in Paragraph X of the complaint were held by employees of defendant when the Board held its hearing and are now held by its employees and that these employees, who would have been displaced by compliance with the Board's award and order, are vitally interested in the dispute.

■ On this aspect of the case, we are fortunate in that the Court of Appeals has already outlined the procedure to be followed. Judge Goodrich, speaking for the Court of Appeals, on remanding the Kirby case to the District Court for the Eastern District of Pennsylvania, stated in 188 F.2d at page 800 that "On remand the trial court may hear evidence on the question of what employees, if any, would have been replaced by defendant's compliance with the Board's order, and whether they received notice or had knowledge of the proceedings. Then the court can determine whether these employees had such an interest as entitled them to notice of the Board hearing, and whether they received it or the equivalent. In the event that the defendant fails to meet the burden of upsetting the Board's award on this basis, the case then may proceed to a trial on the merits." Defendant has filed affidavits by

24 of its present employees to the effect that they had no notice or knowledge of the hearing before the Board. These affidavits were not controverted. In respect to the first question, the motion will be treated as one for summary judgment under Rule 56 as provided in Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

From the affidavits, we find that there were employees of defendant who would have been replaced if defendant had complied with the Board's award and order, and that these employees did not have notice or knowledge of the hearing before the Board. We further find, however, that they are not involved in the dispute within the meaning of the Railway Labor Act, 45 U.S C.A. § 153, First (j).

In support of its contention, defendant cites Nord v. Griffin, 7 Cir., 1936, 86 F.2d 481; Estes v. Union Terminal Co., 5 Cir., 1937, 89 F.2d 768; Hunter v. Atchison, T. & S. F. Ry. Co., 7 Cir., 1948, 171 F.2d 594; Brotherhood of Railroad Trainmen v. Templeton, 8 Cir., 1950, 181 F.2d 527; and Missouri-Kansas-Texas R. Co. v. Brotherhood of Ry. & S.S. Clerks, 7 Cir., 1951, 188 F.2d 302. The Court of Appeals for the Third Circuit, in the Kirby case, supra, 188 F.2d at page 800, declared its view on four of the five cases cited by defendant as follows:

"Who are 'employees involved' under the statutory language? The exact meaning has never been settled; perhaps it never can be.

"The cases which have passed upon it have all *involved factual situations quite different from ours.* They involved disputes between two or three employees over seniority ratings [Nord and Estes cases, supra] or between two groups of workmen both long-time employees of the carrier, over which group was entitled to do a particular type of work [Brotherhood of Railroad Trainmen and Hunter cases, supra]. The interest of such employees, the extent to which the Board should be required to consider such interests, and the type of dispute involved *were not even similar to our problem here* [emphasis added]."

Likewise, we are of the opinion that the Missouri-Kansas-Texas R. Co. case, supra, is not similar to the problem here as it involved an inter-union dispute.

 We, therefore, must examine the facts before us to determine if defendant's employees were and are involved in the dispute. It is clear, and the cases so hold, that if A and B both want to perform the same job and the Board holds a hearing to determine which is entitled to perform the job both A and B are involved in the dispute and must receive notice of the hearing. Also, if the seniority date or rating of an employee is being attacked that employee is involved in the dispute and must receive notice of the hearing.

██ The above situations, however, bear no similarity to the instant case. Here A performed a job which was abolished by his employer. The employer then hired B, an independent contractor, to do the work. Subsequently, but before the Board's hearing, C, defendant's employee, replaced B. Is C involved in the dispute between A and the employer as to the employer's right to abolish A's job? We think not. Granted that if A had greater seniority than C, C's seniority would be affected by A's reinstatement. But this only gives C an *interest in the outcome* of the dispute and does not mean that he is *involved in* the dispute. The fact that C's seniority would be affected is merely an incidental result of an adjudication in favor of A. C's interest in the outcome of the dispute does *not*, *ipso facto*, mean that he has a right to be heard by the Board or that he is entitled to notice of the Board's hearing.

In the instant case, defendant asserts that its present employees were vitally interested in the dispute. With this assertion we fully agree. But what contribution could these employees have made to aid the Board in adjudicating the dispute? Defendant states that they could have shown, among other things, that the former employees had forfeited their seniority by failure to comply with the rules of the Master Agreement. This, however, was not germain to the issue before the Board. If the Board found, as it did, that the employer had no right to abolish the jobs then the former employees were entitled to be reinstated and did not have to comply with the rules of the Master Agreement. The question of whether the former employees forfeited their seniority was never reached by the Board. Although the present employees may be lowered on the seniority list, they do not thereby become necessary or indispensable parties to the dispute between the employer and the former employees. They are not involved in the dispute within the meaning. and intent of 45 U.S.C.A. § 153, First (j) and, therefore, were not entitled to notice. We find the Board's award and order valid and enforceable.

The second question which we are called upon to decide requires an interpretation of the Board's "Award."[3] The statement of claim presented to the Board reads as follows:

"(a) Rule 3–C–2 was violated by the Carrier when positions of Truckers, Philadelphia Transfer, held by Pattie S. Hayes, Mary Gambrell, Eula O. Smith, Ora Dorsey and others, were abolished effective May 13, 1946 and the work assigned to Contract Employes not covered by the Rules Agreement.

"(b) These positions be re-established and the incumbents, as well as any others adversely affected, be compensated for any monetary losses sustained. * * *

"Under the heading 'Award' the following appears:

" 'Claim (a) sustained.

"Claim (b) sustained on the reestablishment of the positions for those listed and others adversely affected; that monetary losses sustained be confined to proof of the same, with deduc-

---

3. As stated by the Court of Appeals in the Kirby case, supra, 188 F.2d at page 795: "The 'Award' consists of the following: Statement of Claim, Employes' Statement of Facts, Position of Employes, Carrier's Statement of Facts, Position of Carrier, Opinion of Board, Findings, and Award."

tions allowed from earnings from other sources during the period under consideration."

The question resolves itself into whether the Board's award and order are limited to those whose positions were abolished effective May 13, 1946, or whether the award and order include those whose positions were abolished on July 13, 1946. In respect to the positions abolished on or about July 13, the award on its face is too vague to include them; and there are no affidavits or other evidence for the court to consider. The complaint, however, contains the following allegation which we think the court must accept as true for the purpose of this phase of the motion. Paragraph XIV of the complaint states:

"In accordance with custom and practice of long standing in the handling of such matters by the said National Railroad Adjustment Board, all of the persons named in Paragraph X hereof, and on whose behalf individual claims in writing had been filed with defendant Railroad Company and processed as aforesaid, were not specifically named in the submission of the dispute to the said Board, the claims instead being submitted on behalf of 'Pattie A. Hayes, Mary Gambrell, Eula O. Smith, Ora Dorsey, and others'. Defendant Railroad Company fully understood such custom and practice, and had full knowledge that the claims being submitted to said Board were being submitted on behalf of each and every one of the persons named in Paragraph X hereof, and that any award of said Board sustaining the claims of 'Pattie A. Hayes, Mary Gambrell, Eula O. Smith, Ora Dorsey, and others', would be intended by said Board, and considered by the parties to the dispute, as equivalent to and constituting an award in favor of each and every one of said persons named in Paragraph X hereof whose claims had been individually presented in writing and handled in the usual manner on defendant Railroad Company's property preliminary to the submission of the dispute to said Board."

Thus, plaintiffs urge that defendant knew of the claims of the 31 employees whose jobs were abolished on or about July 13, 1946, as well as those whose jobs were abolished on or about May 13, 1946, and that defendant knew and understood that all 70 claimants were represented by those who presented their claims to the Board.

It may be that the allegations in the complaint set out above can be satisfactorily proved at the hearing on the merits. If so, the employees whose jobs were abolished on or about July 13, 1946, may be entitled to have the Board's order enforced on their behalf. At any rate, the court is of the opinion that an opportunity to present this evidence should be granted rather than summarily closing the door on the July 13th group.

The motion to dismiss, therefore, will be denied. An order will be entered in conformity with this opinion.