Hillsborough,
No. 4377.

Textile Workers Union *v.* Textron, Inc.

Argued January 4, 1955.

Decided February 25, 1955.

*Green, Green, Romprey & Sullivan (Mr. Samuel Green* orally), for the plaintiff.

*Sullivan & Gregg* and *Edwards & Angell* of Rhode Island (*Mr. Sullivan* orally), for the defendant.

BLANDIN, J.   The single question transferred is whether the plaintiff union, an unincorporated association having collective bargaining contracts with the defendant employer, may bring an action against the employer to recover the aggregate amount of back wages due numerous former employees of the defendant, who are also members of the union, for work performed by them.   The issue as to whether an unincorporated association may represent its members by a suit in its own name has never been decided in this state nor does it appear necessary to decide it here.   Under our liberal procedure, we see no reason why the plaintiff cannot amend the action to a bill in equity brought in behalf of the members of the union in the name of the association's director, Thomas J. Pitarys, as the duly authorized agent, or so-called representative, of its members.   *Liederkranz Singing Society* v. *Turn-Verein,* 163 Pa. 265; *Hasinger* v. *Insurance Co.,* 117 Pa. Super. 475; Seavey, Studies in Agency, 66, 67; 7 C. J. S., Associations, *s.* 35a (3).

On the record before us no question appears as to Pitarys' power to act as agent for the association and its members although the pleadings should so allege.   *Art.* 16, *s.* 2, of the union's constitution reads:   "The Union shall be the exclusive representative of each member for the purpose of collective bargaining, in negotiation and execution of collective bargaining agreements with employers, and is irrevocably authorized and empowered by each member to present, negotiate and settle any and all grievances, complaints and disputes arising out of the relationship between the member and the employer."   By this article the members are bound to abide by the result of the action.   See *Maria Konopnicka Society* v. *Maria Konopnicka Society,* (Mass.) 120 N. E. (2d) 769.   It follows there can be no harassment of the defendant by subsequent suits.   Restatement, Judgments, *s.* 85; 63 Yale L. J. 1173, 1181, *n.* 31.   On the other hand, the claimants need have no fear that their interests will not be well represented.   Pitarys would

be liable as their agent for any negligence or failure to perform his obligations. Restatement, Agency, ss. 379, 399; see also, Seavey, Studies in Agency, 70. As a further guarantee, the need of the union to achieve success that it may maintain its standing with its members is too plain to require elaboration. 63 Yale L. J. 1173, 1183, *n.* 38. The issue before us involves only members of the union so we need not concern ourselves with any possible difficulties arising out of actions by others.

In broad outline, we have a situation here where all concerned understood that the union or some representative of it would act for the claimants in such a dispute as this. The record indicates and it may be reasonably assumed that all dealt with each other accordingly, since it is common knowledge that employees in such cases are so represented. *Munsey* v. *Virginian Ry. Co.*, 39 F. Supp. 881, 883. It seems to us that the court should not ignore what everyone else connected with the situation knows (*State* v. *Duranleau*, 99 N. H. 30) or the basis on which they acted, and above all it should not force the parties to the costly absurdity of bringing 2700 separate suits where one will suffice. *Smith* v. *Bank*, 69 N. H. 254; *Allbee* v. *Elms*, 93 N. H. 202, 203; 1 Pomeroy, Eq. Jur. (5th *ed.*) ss. 267, 273. Indeed, to compel each claimant to bring a separate suit might well result, as pointed out in the *Smith* case, *supra*, in a practical denial of justice since the expense in some instances could be such that the worker would realize little or nothing. There are no substantial procedural difficulties here. At the trial evidence may be presented of the names of the members involved, the amounts due each, and, if judgment be in the plaintiff's favor, an order may be entered insuring payment to the proper persons. *Smith* v. *Bank, supra*; *Munsey* v. *Virginian Ry. Co.*, 39 F. Supp. 881, 884.

In conclusion, it appears that justice and convenience require that one suit be brought to dispose of many and that the plaintiff's action be amended accordingly.

*Remanded.*

All concurred.